IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVE GARRISON,

               Plaintiff,

  vs.

EDWARD J. DAVILA, et al.,

            Defendants.

_____/

No. C 13-5862 YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE
TO AMEND; AND DENYING PENDING
MOTIONS**

      Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, as well as a motion for leave to proceed *in forma pauperis* ("IFP"), will be granted in a separate Order. Thereafter, he filed an amended complaint against fourteen named Defendants.  Dkt. 10.  Plaintiff's "Statement of Claim" section on his complaint is difficult to decipher, but seems to state as follows:

> 1964 Civil Rights Act/1969 CAL Lanterman[]-Petris Act[1]/1973 Rehab
> Act/Americans with Disabilitys [sic] Act/42 U.S.C. 1983/The U.S. Con 1-14, Artical
> [sic] 6 clause 2 of the U.S. Con/The facts are so huge, that it . . . it can't be written,
> I[']ve wrote so many U.S. complaints, its time for a Grand Jury Indictment, due in
> part that my custody has been illegal since 1973 at lease [sic], or as far back as 1874
> (Cal Penal code 26) So [w]ill present so when the courts issue a FRCP 4 to all (D).

*Id.* at 3 (footnote added).  Under the "Relief" section, Plaintiff states: "Unlimited, including a charge of treason, and a Grand Jury indictment.  Also Embezzlement, RICO Act, and *Yick Wo* violation, *Yick Wo v. Hopkins*,[2] 1886 U.S. S. Ct. (Invidious Discrimination), (Hate Crime)." *Id.* (footnote added).

      Plaintiff has also filed numerous motions, which are all currently pending before this Court, and will be resolved below.

      The Court notes that Plaintiff has filed previous actions in this Court, which have all been

---

[1]The Lanterman-Petris-Short Act (Cal. Welf & Inst. Code, sec. 5000 et seq.) concerns the involuntary civil commitment to a mental health institution in the State of California.

[2] *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), was the first case where the United States Supreme Court ruled that a law that is race-neutral on its face, but is administered in a prejudicial manner, is an infringement of the Equal Protection Clause in the Fourteenth Amendment to the U.S. Constitution.

1  dismissed.  Specifically, worthy of mention is Case No. C 11-1901 EJD (PR), in which the Court

2  had given Plaintiff two opportunities to cure the deficiencies of his original complaint.  Dkt. 73 in

3  Case No. C 11-1901 EJD (PR) at 1-2.  However, in its January 8, 2013 Order, the Court determined

4  that Plaintiff's allegations were "far too vague for [it] to determine the basis for any of [his] claims."

5  *Id.* at 3.  The Court noted that it had "repeatedly described the deficiencies in Plaintiff's complaints

6  and ha[d] provided [him] multiple opportunities to amend."  *Id.*  Therefore, Plaintiff's SAC was

7  dismissed without leave to amend and the action was dismissed with prejudice.  *Id.*  On January 27,

8  2014, the Ninth Circuit Court of Appeals affirmed this Court's dismissal upon finding that Plaintiff

9  "failed to allege sufficient facts in his Second Amended Complaint showing that defendants violated

10  his constitutional rights."  Dkt. 89 in Case No. C 11-1901 EJD (PR) at 2.  Meanwhile, Plaintiff's

11  seven other prior civil rights actions have been dismissed without the Court handling the merits of

12  his claims for various reasons.  *See* Case No. C 13-4120 WHO (PR) (N.D. Cal. Oct. 7, 2013)

13  (dismissed for IFP deficiency); Case No. C 11-3011 JF (PR) (N.D. Cal. Aug. 17, 2011) (same); Case

14  No. C 13-2176 EJD (PR) (N.D. Cal. Aug. 7, 2013) (dismissed for failure to prosecute); Case No.

15  C 13-0151 EJD (PR) (N.D. Cal. Mar. 7, 2013) (same); Case No. C 12-4779 RS (PR) (N.D. Cal. Dec

16  18, 2012) (same); Case No. C 11-3011 JF (PR) (N.D. Cal. Aug. 17, 2011) (same); Case No. C 11-

17  1974 JF (PR) (N.D. Cal. Aug. 10, 2011) (dismissed as duplicative of Case No. C 11-1901 JF (PR)).[3]

18        As to the instant action, for the reasons discussed below, Plaintiff's amended complaint (dkt.

19  10), which the Court construes as the operative pleading herein, will be dismissed with leave to

20  amend.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (holding amended

21  complaint supersedes initial complaint and may not incorporate by reference any parts of original

22  complaint).

23                                    **DISCUSSION**

24  **I.    Standard of Review**

25        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

26

27        [3] Plaintiff currently has three other pending actions before the undersigned Judge.  *See* Case
   Nos. C 14-3069 YGR (PR), C 14-2940 YGR (PR), C 14-2307 YGR (PR).  There are still
28  outstanding documents, i.e., the complaint and/or IFP application, in each of these cases; therefore,
   this Court has not yet reviewed the complaints filed in each of these pending actions.

redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th

3

Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

## II.    Amended Complaint

First, this Court notes that Plaintiff has named various federal judges as Defendants in this action, including: Ninth Circuit Justice M. Margaret McKeown, as well as Northern District of California Judges Edward J. Davila, William H. Orrick and Richard Seeborg.[4]  The aforementioned federal judges are absolutely immune from this civil rights action.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*), *cert. denied*, 486 U.S. 1040 (1988).  This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code.  *See id.*

As to the rest of the allegations against the remaining Defendants, Plaintiff makes no factual allegations from which the Court can determine whether he states cognizable claims against the named Defendants.  Nowhere does Plaintiff state clearly what injury he has suffered, who caused such injury and what he would like the Court to do.  Instead, as mentioned above, in his short "Statement of Claim" Plaintiff alleges that the facts are "so huge," and he makes the conclusory argument that his incarceration is "illegal."  Dkt. 10 at 3.  Additionally, Plaintiff refers to various types of relief, some which appear to pertain to his desire to pursue criminal charges against Defendants.  *Id.*  Furthermore, Plaintiff states that his specific relief requested is "unlimited."  *Id.*  Such a vague request for relief is improper.  However, Plaintiff shall be granted leave to file a

---

[4] The Court notes that this action was originally handled by Judges Davila and Orrick; however, both judges have since recused themselves.  Dkts. 8, 9.

Second Amended Complaint ("SAC") to correct these deficiencies.

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted).

Plaintiff must allege facts sufficient to show that the named Defendants' actions rise to the level of constitutional violations. As mentioned above, he is attempting to hold multiple named Defendants liable for the various claims in his amended complaint; therefore, he must allege facts showing what each defendant did that violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights). This Plaintiff has not done. He merely makes conclusory allegations without specifying how each Defendant was linked through their actions. In addition, if Plaintiff claims that any of the named Defendants are liable as supervisors, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Because Plaintiff has not linked any of the named Defendants to his claims, no claim for damages can proceed unless Plaintiff amends his amended complaint to cure this pleading deficiency. The Court will allow Plaintiff leave to prepare a proper SAC that is consistent with federal pleading standards. Plaintiff is advised that for each claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated. Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability. A person deprives another of a

constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Moreover, the amended complaint seems to alleges several claims that, even if elaborated upon, would not be properly joined under Federal Rule of Civil Procedure 20(a), concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way -- that is, if there is not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.*

Finally, Plaintiff appears to be seeking relief that concerns not only the conditions of his confinement but also challenges his incarceration. The latter type of relief cannot be pursued in a civil rights complaint but must be brought in a habeas corpus petition. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.); *see also Sandin v. Conner*, 515 U.S. 472, 484, 487

(1995) (An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence.). Therefore, such claims are DISMISSED without prejudice to re-filing in a habeas corpus petition.

In sum, even when Plaintiff's claims are liberally construed, Plaintiff has failed to provide sufficiently simple, concise and direct information for the Court to determine whether Plaintiff's allegations state cognizable claims for relief with respect to each of the named Defendants.

**Accordingly, Plaintiff's amended complaint is DISMISSED with leave to amend.**
Plaintiff may file a revised complaint entitled "Second Amended Complaint" in which he:

(1) clearly links each Defendant to the alleged injury or injuries for which that Defendant is alleged to be responsible,

(2) does not raise unrelated claims against different Defendants, and

(3) does not challenge the lawfulness of his confinement and to its duration.

While Plaintiff must, in filing his SAC, provide sufficient information to give Defendants fair notice of the nature of the claims against them, Plaintiff cannot merely provide the conclusory one-paragraph he has submitted under his "Statement of Claim." Instead, Plaintiff should provide a concise statement identifying each Defendant and the specific action or actions that Defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. If Plaintiff fails to comply with these straightforward pleading requirements, the Court will dismiss Plaintiff's proposed SAC. *See McHenry*, 84 F.3d at 1177, 1177-78.

Finally, Plaintiff is advised that the Court will not consider as part of Plaintiff's pleadings in this matter any information sent to the Court in a letter or any other document that is not a pleading signed under penalty of perjury. Rather, all of Plaintiff's claims must be included in the SAC, which will supercede all of Plaintiff's prior pleadings in this matter. For this reason, his motions to amend or various requests related to the complaint -- which are mostly undecipherable, but seem to request an amendment to the complaint in one form or another -- are DENIED, including the motions labeled on the Court's docket as follows: "Motion for Leave to File a[n] Act of Treason Against All Defendants" (dkt. 6); "Request" (dkt. 7); "Motion to Amend to Add

Defendants" (dkt. 15); "Motion to Amend Conspiracy" (dkt. 19); "Motion to Amend Complaint" (dkt. 20); and "Motion to Add First Degree [Murder] and Conspiracy" (dkt. 21).

## III.   Other Pending Motions

Aside from his motion for leave to proceed IFP (dkt. 18) and the aforementioned motions denied above, Plaintiff has filed two other motions in the instant action.  Because the Court has yet to determine whether Plaintiff can state cognizable claims against the named Defendants, Plaintiff's two remaining motions are all DENIED as premature, including his motions labeled on the Court's docket as follows: "Motion to Submit Documentary Evidence in Support of Treason and a RICO Act Also 22 U.S.C. 7102 Federal Human Trafficking and Conspiracy to Attempted Murder from Recent Attack by Defendants [from] the Santa Clara Sheriff's Department" (dkt. 14) and "Motion for All Defendants to be Served" (dkt. 16).

## IV.   Pleading Requirements

Because Plaintiff has not been following proper pleading requirements.  All future pleadings submitted by Plaintiff to the Court shall comply with the following provisions of Rules 3-4(c)(2)-(3), and 7-4(a)(2)-(5), (b), of the Northern District of California Civil Local Rules:

Rule 3-4.  Papers Presented for Filing.

(c)  General Requirements.

(2)  Written Text.  Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations.  Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch.  Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman).  The text of footnotes and quotations must also conform to these font requirements.

(3)  Identification of Paper.  Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation.  Once the Court assigns a case number to the action that case number must be included in the footer.

Rule 7-4.  Brief or Memorandum of Points and Authorities.

(a)  Content.  In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:

\*\*\*

(2)  If in excess of 10 pages, a table of contents and a table of authorities;

(3)  A statement of the issues to be decided;

(4)  A succinct statement of the relevant facts; and

(5)  Argument by the party, citing pertinent authorities.

(b)  Length.  Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

Any pleadings which do not meet these requirements and for which prior permission to exceed the page limits has not been sought shall be returned to Plaintiff without being filed.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.       Plaintiff's amended complaint (dkt. 10) is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** SAC which:

   a.       States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

   i.       Set forth **each claim** in a separate numbered paragraph;

   ii.       Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

   iii.       Identify the injury resulting **from each claim**;

   b.       Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a sixteen-month period in prison that he finds objectionable, the SAC may only allege claims that:

   i.       Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

   ii.       Present questions of law or fact common to **all Defendants**;

   c.       **Does not** make conclusory allegations linking each Defendant by listing them

1    as having "direct involvement" to his claims without specifying how each Defendant was linked

2    through their actions;

3              d.    **Does not** name any Defendant who did not act but is linked solely in his or

4    her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish

5    either supervisorial or municipal liability;

6              e.    **Does not** challenge the lawfulness of his confinement or to particulars

7    affecting its duration; i.e., challenging his incarceration.

8         2.    Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his

9    SAC as set forth above.  Plaintiff must use the attached civil rights form, write the case number for

10   this action -- Case No. C 13-5862 YGR (PR) -- on the form, clearly label the complaint "Second

11   Amended Complaint," and complete all sections of the form.  Because the SAC completely replaces

12   the original complaint, Plaintiff must include in it all the claims he wishes to present.  *See Ferdik v.*

13   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  He may not incorporate

14   material from the original or amended complaints by reference.  If Plaintiff wishes to attach any

15   additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer

16   only the questions asked in the "Exhaustion of Administrative Remedies" section without including

17   a narrative explanation of each grievance filed.  **Plaintiff's failure to file his SAC by the twenty-**

18   **eight-day deadline or to correct the aforementioned deficiencies outlined above will result in**

19   **the dismissal of this action without prejudice.**

20        3.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

21   informed of any change of address and must comply with the Court's orders in a timely fashion.

22   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

23   while an action is pending must promptly file a notice of change of address specifying the new

24   address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

25   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

26   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

27   *se* party indicating a current address.  *See* L.R. 3-11(b).

28

4.      Plaintiff's claims challenging his incarceration are DISMISSED without prejudice to re-filing in a habeas corpus petition using the attached habeas corpus petition form.  However, he must leave the case number blank when he submits the completed form.  The Court notes that the filing fee for a habeas petition is $5.00.

5.      The Court DISMISSES with prejudice Plaintiff's claims against the following Defendants, who are all federal judges immune from suit in this civil rights action, including: Ninth Circuit Court of Appeals Justice M. Margaret McKeown, as well as Northern District of California Judges Edward J. Davila, William H. Orrick and Richard Seeborg.

6.      The Court DENIES the following motions, entitled: "Motion for Leave to File a[n] Act of Treason Against All Defendants" (dkt. 6); "Request" (dkt. 7); "Motion to Amend to Add Defendants" (dkt. 15); "Motion to Amend Conspiracy" (dkt. 19); "Motion to Amend Complaint" (dkt. 20); and "Motion to Add First Degree [Murder] and Conspiracy" (dkt. 21).

7.      The Court DENIES as premature the following motions, entitled: "Motion to Submit Documentary Evidence in Support of Treason and a RICO Act Also 22 U.S.C. 7102 Federal Human Trafficking and Conspiracy to Attempted Murder from Recent Attack by Defendants [from] the Santa Clara Sheriff's Department" (dkt. 14) and "Motion for All Defendants to be Served" (dkt. 16).

8.      The Clerk shall send Plaintiff a blank civil rights form and a blank habeas corpus petition form along with a copy of this Order.

9.      This Order terminates Docket Nos. 6, 7, 14, 15, 16, 19, 20, and 21.

IT IS SO ORDERED.

DATED: _____July 28, 2014_____        _____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**