UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE GARRISON,

    Plaintiff,

  v.

EDWARD J. DAVILA, et al.,

    Defendants.

Case No. 13-cv-05862-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

## I. BACKGROUND

On December 18, 2013, Plaintiff Steve Garrison filed the present *pro se* prisoner action, which was opened as a civil rights action under 42 U.S.C. § 1983. Thereafter, Plaintiff filed an amended complaint.

In an Order dated July 28, 2014, the Court dismissed the amended complaint with leave to amend upon determining that it was "difficult to decipher" and that Plaintiff failed to allege "factual allegations from which the Court can determine whether he states cognizable claims against the named Defendants." Dkt. 22 at 1, 4. The Court also noted that the federal judges named as Defendants were "absolutely immune from this civil rights action." *Id.* at 4 (citing *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). The Court granted him twenty-eight days to file a "**simple, concise and direct**" second amended complaint ("SAC"), and cautioned Plaintiff that his failure to timely do so or to "**correct the aforementioned deficiencies"** would result in "**the dismissal of this action without prejudice**." *Id.* at 9-10 (emphasis in original). In its July 28, 2014 Order, the Court also noted that Plaintiff had filed previous actions, which have all been dismissed, stating:

> . . . worthy of mention is Case No. C 11-1901 EJD (PR), in which the Court had given Plaintiff two opportunities to cure the deficiencies of his original complaint. Dkt. 73 in Case No. C 11-1901 EJD (PR) at 1-2. However, in its January 8, 2013 Order, the Court determined that Plaintiff's allegations were "far too vague for [it] to determine the basis for any of [his] claims." *Id.* at 3. The Court noted that it had "repeatedly described the deficiencies in Plaintiff's complaints and ha[d] provided [him] multiple opportunities to amend." *Id.* Therefore, Plaintiff's SAC was dismissed without leave to amend and the action was dismissed with

prejudice. *Id.* On January 27, 2014, the Ninth Circuit Court of Appeals affirmed this Court's dismissal upon finding that Plaintiff "failed to allege sufficient facts in his Second Amended Complaint showing that defendants violated his constitutional rights." Dkt. 89 in Case No. C 11-1901 EJD (PR) at 2. Meanwhile, Plaintiff's seven other prior civil rights actions have been dismissed without the Court handling the merits of his claims for various reasons. *See* Case No. C 13-4120 WHO (PR) (N.D. Cal. Oct. 7, 2013) (dismissed for IFP deficiency); Case No. C 11-3011 JF (PR) (N.D. Cal. Aug. 17, 2011) (same); Case No. C 13-2176 EJD (PR) (N.D. Cal. Aug. 7, 2013) (dismissed for failure to prosecute); Case No. C 13-0151 EJD (PR) (N.D. Cal. Mar. 7, 2013) (same); Case No. C 12-4779 RS (PR) (N.D. Cal. Dec. 18, 2012) (same); Case No. C 11-3011 JF (PR) (N.D. Cal. Aug. 17, 2011) (same); Case No. C 11-1974 JF (PR) (N.D. Cal. Aug. 10, 2011) (dismissed as duplicative of Case No. C 11-1901 JF (PR)).

*Id.* at 2. Plaintiff also has three other pending actions before the undersigned Judge. *See* Case Nos. C 14-2307 YGR (PR), C 14-2940 YGR (PR), C 14-3069 YGR (PR). The Court noted that, at the time of its July 28, 2014 Order, there were still outstanding documents, i.e., the complaint and/or *in forma pauperis* application, in each of these cases; therefore, the Court had not yet reviewed the complaints filed in each of these pending actions. Dkt. 22 at 2 note 3.

## II.   PLAINTIFF'S PENDING MOTION

On August 4, 2014, Plaintiff filed a two-page document in the instant action, which has been docketed by the Clerk of the Court on the Court's database as his "Motion to Amend Complaint." Dkt. 24. However, upon a closer review of this document, the Court now notes that while the caption includes the words, "motion to amend complaint," nowhere in this document does Plaintiff actually make a request to amend his complaint. Instead, Plaintiff makes allegations that are difficult to decipher. For example, the full title states "Motion to Amend Complaint Justice Gonzalez Rogers for Federal Perjury and 'Classism' a Hate Crime in Violation of the 1964 Civil Rights Act . . . and Conspiracy to Human Traffic[k]ing, 22 U.S.C. [§] 7102." *Id.* at 1. In the body of the motion, Plaintiff seems to take issue with the Court's July 28, 2014 Order and criticizes the undersigned Judge. Because of her "ruling," Plaintiff claims that he had been "granted [*in*] *forma pauperis* statu[]s" and that such a ruling "makes her obligated to issue a summons to which was pled in [his] complaint . . . ." *Id.* However, as explained above, the undersigned Judge dismissed his amended complaint with leave to amend instead of serving the claims and issuing summons on the named Defendants. Incidentally, the Court inadvertently did *not* issue an Order granting Plaintiff *in forma pauperis* status at the time it issued its July 28, 2014 Order. Therefore, the Court

will now issue a separate Order granting Plaintiff's motion for leave to proceed *in forma pauperis*. Even if the Court had granted Plaintiff *in forma pauperis* status earlier, there is no obligation for the Court to automatically serve the complaint and issue summons, contrary to Plaintiff's claim. Instead, if a plaintiff has been previously granted leave to proceed *in forma pauperis*, he may rely on the officers of the Court for service. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). In order to for service to take place, however, Plaintiff must state cognizable claims in his amended complaint. He did not. Therefore, the Court had the discretion to dismiss the amended complaint with leave to amend. Accordingly, the Court construes Plaintiff's "Motion to Amend Complaint" to be a request to issue summons and serve the named Defendants, and it DENIES his request. Dkt. 24.

### III.  PLAINTIFF'S FAILURE TO PROSECUTE ACTION

To date, Plaintiff has not submitted a proposed SAC, nor has he communicated with the Court after filing the aforementioned August 4, 2014 motion. In particular, while Plaintiff acknowledges in his August 4, 2014 motion that he received the Court's July 28, 2014 "ruling," he has not responded to the Court's Order directing him to file a SAC prior to the twenty-eight-day deadline of August 25, 2014. It has become evident to the Court that Plaintiff's failure to prosecute this action is due to the fact that he is no longer in custody, as explained below.

The Court has discovered that Plaintiff was released from custody after filing his August 4, 2014 motion. In his other cases before the undersigned judge, mail directed to Plaintiff in August 2014 has been returned as undeliverable because he is "NOT IN CUSTODY." *See* Case Nos. C 14-2307 YGR (PR), C 14-2940 YGR (PR), C 14-3069 YGR (PR). Plaintiff has failed to provide the Court with an updated address in his other cases; therefore, those cases will be or have been dismissed without prejudice pursuant to Rule 3-11 of the Northern District Local Rules.

In the Court's July 28, 2014 Order in the instant matter, the Court cautioned Plaintiff that his failure to inform the Court of any change of address in a timely fashion would result in dismissal of this action. Dkt. 22 at 10. The Court stated:

> It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when:

> (1) mail directed to the pro se party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. *See* L.R. 3-11(b).

*Id.* A copy of the Court's July 28, 2014 Order that was sent to Plaintiff at his last known address, and it was not returned as undeliverable. In fact, as mentioned above, Plaintiff makes reference to the Court's "ruling" in his August 4, 2014 motion. Therefore, the Court assumes that Plaintiff received that Order prior to being released from custody. To date, no change of address has ever been filed by Plaintiff in the instant case or, as mentioned above, in his other cases.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). As indicated above, pursuant to Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. *See* L.R. 3-11(a).

Plaintiff has failed to file a timely SAC as directed by the Court's July 28, 2014 Order; therefore, this action should be DISMISSED for failure to prosecute pursuant to Rule 41(b). In addition, Plaintiff has not communicated with the Court since his release from custody in August of 2014. It has been more than sixty days since his release, and the Court has not received a notice from Plaintiff of a new address. Therefore, this action could also be dismissed without prejudice pursuant to Local Rule 3-11. *See* L.R. 3-11(b). However, while mail in his other actions were returned undeliverable, no mail was returned undeliverable here because nothing was mailed to Plaintiff in August of 2014, thus the Court will not rely on Local Rule 3-11 to dismiss this action.

Accordingly, this action is DISMISSED without prejudice for failure to prosecute pursuant to Rule 41(b). *See* Fed. R. Civ. P. 41(b). The Clerk shall enter judgment, terminate all motions (including his pending motion, Dkt. 24, which was DENIED above) and close the file.

IT IS SO ORDERED.

Dated: November 5, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

P:\PRO-SE\YGR\CR.13\Garrison5862.41(b)DISM.docx