UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GARRISON,<br>　　　　Plaintiff,<br>　　v.<br>EDWARD J. DAVILA, et al.,<br>　　　　Defendants. | Case No. 13-cv-05862-YGR (PR)<br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

This is a closed civil rights matter. On November 5, 2014, the Court dismissed this action without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and entered judgment on that date. Dkts. 26, 27.

On August 20, 2018, Plaintiff, who is a frequent filer, filed a motion entitled, "Motion [for] Summary Judgment and to Have Attorney['s] Fees for Case," in which he requests that the Court reopen the instant matter and "also [issue] a summons for all defendants, and [for] summ[a]ry judg[]ment." Dkt. 31 at 1. The Court construes this motion to be a motion for relief from judgment under Federal Rules of Civil Procedure 60(b). Plaintiff also filed a "motion to amend," in which he moves to make this case a "class action." Dkt. 32.

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for relief from judgment may be based on Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. *See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such a motion must be made within a "reasonable time," and as to grounds for relief (1)-(3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(c).

As noted above, Petitioner filed his motion for relief from judgment on August 20, 2018, which is almost four years after entry of judgment on November 5, 2014. Therefore, to the extent

that Plaintiff's motion seeks relief under Rules 60(b)(1) to 60(b)(3), such a motion is DENIED as untimely. *See Nevitt v. U.S.*, 886 F.2d 1187, 1188 (9th Cir. 1989) ("[T]he one-year limitation period is not tolled during an appeal.")

Plaintiff could also rely upon Rule 60(b)(6) as a basis for reconsideration, which is the rule permits a court to set aside a judgment for "any other reason that justifies relief."[1] "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citations omitted). The Court finds that Plaintiff has not demonstrated that such extraordinary circumstances exist in this case. Plaintiff's one-page motion makes a conclusory argument that the "case was dismissed as only premature, but . . . it[] [has] now t[aken] place (the murder of Michael Tyree, Harassment by the [San Jose Police Department])," but he does not give any further argument in support of reopening this action. Dkt. 31 at 1. Plaintiff further requests to remove the undersigned Judge "from [this] case [because] she is and the U.S. Courts [are] now responsible of Michael Tyree[']s Murder." *See id.* The Court notes that Michael Tyree was a mentally ill inmate who died in his single cell at Main Jail South in Santa Clara County on August 26, 2015, and three Santa Clara County jail guards were found guilty in 2017 of second-degree murder for beating inmate Tyree. However, Plaintiff does not explain how inmate Tyree's murder relates to his closed case. If Plaintiff is alleging new claims, he does not need the Court's permission to file a new case. The previous dismissal was without prejudice, which means that the dismissal would not, in itself, prevent him from filing a new case.

It appears, however, that in fact Plaintiff does not want to file a new case but to reopen the old one. The basis for this is that his case was dismissed as "premature" and, as mentioned, the aforementioned murder of inmate Tyree. First, Plaintiff is incorrect as to the reason for dismissal. As explained above, this case was dismissed for failure to prosecute. Initially, in an Order dated

---

[1] Nothing in Plaintiff's motion indicates that he is seeking relief under either Rule 60(b)(4) or Rule 60(b)(5).

2

July 28, 2014, the Court dismissed the amended complaint with leave to amend upon determining that it was "difficult to decipher" and that Plaintiff failed to allege "factual allegations from which the Court can determine whether he states cognizable claims against the named Defendants." Dkt. 22 at 1, 4. The Court also noted that the federal judges named as Defendants were "absolutely immune from this civil rights action." *Id.* at 4 (citing *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). The Court directed Plaintiff to file a Second Amended Complaint ("SAC") within a twenty-eight-day time frame and cautioned Plaintiff that his failure to timely do so or to "**correct the aforementioned deficiencies**" would result in "**the dismissal of this action without prejudice**." *Id.* at 9-10 (emphasis in original). In its November 5, 2014 Order, the Court noted that Plaintiff had not submitted a proposed SAC, nor had he communicated with the Court after August 4, 2014. Dkt. 26 at 4. It then became evident to the Court that Plaintiff's failure to prosecute this action was due to the fact that he was no longer in custody. *Id.* Thus, the Court dismissed this action for failure to prosecute pursuant to Rule 41(b) due to Plaintiff's failure to file a timely SAC as directed by the Court's July 28, 2014 Order. *Id.* At present, Plaintiff makes a conclusory argument that reopening is warranted based on inmate Tyree's murder. Dkt. 31 at 1. Without any further explanation, the Court finds that Plaintiff has not demonstrated a valid ground for relief from judgment under Rule 60(b)(6). Again, the Court stresses that Plaintiff may choose to pursue his claims in a new action.

Accordingly, Plaintiff is not entitled to relief from the judgment under any of the aforementioned subsections of Rule 60(b). His motion for relief from judgment is DENIED. Dkt. 31. Plaintiff's remaining motions for summary judgment, for attorney's fees, to remove the undersigned Judge, and to amend are DENIED as moot. Dkts. 31, 32.

**No further filings will be accepted in this case file as this particular action is closed.**

This Order terminates Docket Nos. 31 and 32.

IT IS SO ORDERED.

Dated: March 12, 2019

YVONNE GONZALEZ ROGERS
United States District Judge

3